# EXHIBIT A

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
10/02/2018 10:17PM
BY: SCALANDRA
DEPUTY

Case No.: S0300CV201800508
HON. HONORABLE CATHLEEN BROWN NICHOLS

**MERLIN LAW GROUP, P.A.**
Michael N. Poli, #006431
MPoli@merlinlawgroup.com
Michael J. Ponzo, #028092
MPonzo@merlinlawgroup.com
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
Telephone: (480) 315-9980
Facsimile: (480) 315-9984

*Attorneys for Plaintiff*

## SUPERIOR COURT OF ARIZONA
## COUNTY OF COCONINO

| | |
|---|---|
| SK5-ELA, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONWIDE INSURANCE COMPANY OF AMERICA, an Ohio corporation; and DEPOSITORS INSURANCE COMPANY, an Iowa corporation, <br><br> Defendants. | CASE NO. <br><br> **COMPLAINT** <br><br> (Breach of Contract, Breach of Implied Covenant of Good Faith and Fair Dealing, and Tortious Bad Faith) <br><br> *<u>Jury Trial Demanded</u>* <br><br> *Commercial Court Requested* |

For its Complaint, Plaintiff SK5-ELA, LLC, hereby alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff SK5-ELA, LLC ("Plaintiff" or "SK5") is a Utah limited liability company registered and authorized to conduct business in Arizona.

2. Defendant Nationwide Insurance Company ("Nationwide") is an Ohio corporation conducting business, including insurance transactions, in the State of Arizona. Upon information and belief, Nationwide is authorized by the Arizona Department of Insurance to issue and sell property and casualty insurance in the State of Arizona.

3. Defendant Depositors Insurance Company ("Depositors") is an Iowa corporation conducting business, including insurance transactions, in the State of Arizona. Upon information and belief, Depositors is authorized by the Arizona Department of Insurance to issue and sell property and casualty insurance in the State of Arizona.

4. This lawsuit involves property insurance coverage for certain real property situated in Coconino County, Arizona.

5. Subject matter jurisdiction is proper pursuant to Arizona Constitution, article six, section fourteen and Arizona Revised Statutes ("A.R.S.") section 12-123.

6. The amount in controversy exceeds the minimum jurisdictional limit of this Court.

7. Pursuant to A.R.S. § 12-401, venue is proper in this Court.

8. The Lodge respectfully demands a trial by jury on all issues so triable.

## FACTUAL ALLEGATIONS

9. Shelton-Cook Real Estate Services, Inc. ("Shelton-Cook") is the former owner of the real property located at 3601 South Lake Mary Road, Flagstaff, Arizona 86005 (the "Property").

10. The Property consists of seventeen three story apartment buildings, five vehicle parking garage structures, a single-story clubhouse building, and forty-two carport canopy structures.

11. Nationwide and/or Depositors (collectively, the "Defendants"), or their affiliate issued an insurance policy to Shelton-Cook covering the Property, with a policy period beginning February 01, 2015 and ending on February 1, 2016. The policy of insurance is identified as policy number ACP BPHD 3017021702 (the "Policy").

12. On or about July 1, 2015, a storm struck and damaged the Property ("the Loss"). The storm included hail and high winds.

13. Shelton-Cook timely submitted a claim to the Defendants. Defendants assigned the Claim the claim number 0702PE095117 ("the Claim").

14. Defendants assigned the Claim to an independent adjuster and to Augspurger Komm Engineering, Inc. ("Augspurger") to conduct an inspection and analysis of the roofing systems.

15. Augspurger's report indicates a date of loss as May 17, 2016. Its report concludes that the significant damage to the roofs was a result of improper snow removal procedures by the previous management company, roughly two years prior to the inspection. The report indicates that the linear marks are suggestive of utilizing a flat-ended shovel to remove the snow from the roof.

16. The independent adjuster did not prepare a report.

17. Plaintiff purchased the Property from Shelton-Cook on or about May 1, 2016.

18. In connection with the sale of the Property to Plaintiff, Shelton-Cook assigned its rights and interests pertaining to the Claim to the Plaintiff.

19. On or about June 22, 2016, David Morris of MRM Roofing, LLC performed an assessment of the roofs. Morris determined that the roofs suffered significant damage due to the hail, wind and snow. Mr. Morris noted marks on the main roof as a possible branch that had come down during a storm. As to the accusation of someone on the roof shoveling off snow, Mr. Morris was assured that there would have been no one allowed to get on a roof covered with snow to do such.

20. On or about June 26, 2016, Gorman Services, Inc., performed an evaluation and proposal regarding the roofs. His evaluation indicated that although the roofs were found to have some damage from the hail storm, they were watertight and performing well.

21. Defendants have a non-delegable duty to properly adjust the insurance claim and are vicariously liable for the actions of Augspurger and any other entity or person hired or retained by the Defendants or any of their agents, contractors, or employees.

22. On or about October 3, 2016, Defendants submitted correspondence to attorney Viola who at the time was representing Shelton-Cook, indicating that based on Augspurger's report the damages to the shingles were mechanical in nature due to the use of tools in connection with improper snow removal. Defendants indicated that the marks on the shingles were there prior to Shelton-Cook purchasing the property, as suggested by an email by the previous owner's maintenance director. This correspondence reaffirms Defendants' denial stating the damage occurred prior to the policy inception of February 1, 2015.

23. Defendants also refused to re-inspect the Property stating that, based on its investigation, the timing of the hail preceded the policy period.

24. On or about August 7, 2018, Plaintiff, through its affiliate, retained Skipton & Associates, Inc., a public adjusting firm, ("SAI") to assist with the Claim.

25. Defendants have failed or refused to pay any amounts owed under the Policy.

## COUNT ONE

### (Breach of Insurance Contract)

26. Plaintiff incorporates the foregoing allegations by this reference.

27. Defendants agreed to insure the Property under the Policy, and in connection therewith, undertook indemnity obligations to Shelton-Cook.

28. Defendants received premiums from Shelton-Cook in exchange for their indemnity obligations under the Policy.

29. The Policy, like all agreements in the State of Arizona, contains an implied covenant of good faith and fair dealing.

30. Shelton-Cook and Plaintiff have fulfilled all their obligations under the Policy.

31. By wrongfully failing to fully indemnify and pay the Claim, Defendants breached the insurance contract insuring the Property, including the implied covenant of good faith and fair dealing in that insurance contract, thereby depriving Plaintiff of the

benefits it was to have received under that insurance contract, as assigned to Plaintiff by Shelton-Cook.

32. Defendants failed to perform their obligations under the insurance contract.

33. Defendants failed to conduct an adequate and timely investigation of the loss and failed to make payments owed under the Policy.

34. Defendants breached their contractual obligations to Shelton-Cook and Plaintiff.

35. Defendants breached the contract for insurance, including the implied covenant of good faith and fair dealing, thereby giving rise to damages.

36. As a direct and proximate result of the conduct by Defendants, Plaintiff sustained reasonably foreseeable damages in an amount to be proven at trial.

37. Plaintiff is also entitled to an award of its costs and attorneys' fees under A.R.S. §§ 12-341 and 12-341.01.

WHEREFORE, on this claim, Plaintiff requests judgment against the Defendants as follows:

    A.    For compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

    B.    For attorneys' fees and costs;

    C.    For pre- and post-judgment interest;

    D.    For taxable costs pursuant to A.R.S. § 12-341; and

    E.    For such other and further relief as the Court deems just and proper.

## COUNT TWO
### (Bad Faith)

38. Plaintiff incorporates the foregoing allegations by this reference.

39. Arizona courts have explicitly held that an "insurance contract is not an ordinary commercial bargain; 'implicit in the contract and the relationship is the insurer's

obligation to play fairly with its insured.'" *Zilisch v. State Farm Mut. Auto. Ins. Co.*, 196 Ariz. 234, 237, 995 P.2d 276, 279 (2000) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 154, 726 P.2d 565, 570 (1986)). An "insurer has 'some duties of a fiduciary nature,' including '[e]qual consideration, fairness and honesty.'" *Id.*

40. Furthermore, "[t]he carrier has an obligation to immediately conduct an adequate investigation, act reasonably in evaluating the claim, and act promptly in paying a legitimate claim. It should do nothing that jeopardizes the insured's security under the policy. It should not force an insured to go through needless adversarial hoops to achieve its rights under the policy. It cannot lowball claims or delay claims hoping that the insured will settle for less. Equal consideration of the insured requires more than that." *Zilisch*, 196 Ariz. at 238, 995 P.2d at 280.

41. In all aspects of investigating or evaluating a claim, an insurance carrier is required to give as much consideration to policyholder's interests as it does to its own interests.

42. Arizona law provides that "the insured is entitled to expect that the insurer will be 'on his side' at least to the extent of treating him honestly and fairly. . . ." *Rawlings*, 151 Ariz. 149, 155, 726 P.2d 565, 571 (1986)

43. Under Arizona law, "An insurance company must conduct an 'adequate investigation' into an insured's claim for benefits." *American Family Mut. Ins. v. Grant*, 222 Ariz. 507, 512, 217 P.3d 1212, 1217 (App. 2009).

44. "Indifference to facts or failure to investigate are sufficient to establish the tort of bad faith." *Rawlings*, 151 Ariz. at 162, 726 P.2d at 578; *Nardelli v. Metropolitan Group Property & Cas. Ins. Co.*, 230 Ariz. 592, 604, 277 P.3d 789, 801 (App. 2012).

45. "An insurance company's failure to adequately investigate . . . becomes material when a further investigation would have disclosed relevant facts." *Aetna Cas. & Sur. Co. v. Superior Court in and for County of Maricopa*, 161 Ariz. 437, 440, 778 P.2d 1333, 1336 (App. 1989).

46. "When recovery is sought under an insurance contract, the insured has the burden of proving that his loss was due to an insured risk. In order to establish a prima facie case, [the insured] must prove the insurance policy, the happening of the insured event, and the giving of notice as provided in the policy. The insurer, on the other hand, has the burden of showing that the loss was within a policy exclusion." *Pacific Indem. Co. v. Kohlhase*, 9 Ariz. App. 595, 597, 455 P.2d 277, 279 (1969).

47. The Claim is a covered loss under the Policy.

48. Pursuant to the terms of the Policy, Defendants were obligated to pay Plaintiff, as assignee of Shelton-Cook, for the loss associated with and arising from the storm.

49. Pursuant to the Policy and Arizona common law, Defendants owe and continue to owe a duty of good faith and fair dealing to Plaintiff, as assignee of Shelton-Cook. Defendants breached their duty of good faith and fair dealing to the Plaintiff, both substantively and by bad faith claims handling.

50. Defendants failed to conduct an adequate investigation of the Claim.

51. Defendants failed to process the Claim in a proper manner.

52. Without any reasonable justification for doing so, Defendants have failed to make payments owed to Plaintiff under the Policy for the Loss, by committing improper acts.

53. As a direct and proximate result of the acts and omissions of the Defendants, Plaintiff has suffered both contract damages and extra-contractual / consequential damages.

54. Plaintiff is entitled to an appropriate award of punitive damages.

55. Plaintiff is also entitled to an award of its costs and attorneys' fees under A.R.S. §§ 12-341 and 12-341.01.

WHEREFORE, on this claim, Plaintiff requests judgment against the Defendants as follows:

F. For compensatory damages in a just and reasonable amount (including both contractual damages and extra-contractual or consequential damages);

G. For exemplary or punitive damages in a just and reasonable amount;

H. For attorneys' fees and costs;

I. For pre- and post-judgment interest;

J. For taxable costs pursuant to A.R.S. § 12-341; and

K. For such other and further relief as the Court deems just and proper.

DATED this 2nd day of October, 2018.

**MERLIN LAW GROUP, P.A.**

By /s/ *Michael N. Poli*
Michael N. Poli
Michael J. Ponzo
*Attorneys for Plaintiff*

T2043516.DOCX;1

8



Person/Attorney Filing: Michael N Poli
Mailing Address: 2999 North 44th Street Suite 520
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480) 315-9980
E-Mail Address: llieber@merlinlawgroup.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 006431, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCONINO

SK5-ELA, LLC
Plaintiff(s),
v.
Nationwide Insurance Company of
America, et al.
Defendant(s).

Case No.   S0300CV201800508

**SUMMONS**

To: Nationwide Insurance Company of America

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to Clerk of the Superior Court, 200 N. San Francisco St., Flagstaff, Arizona 86001 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of COCONINO

SIGNED AND SEALED this date:*October 2, 2018*

*Valerie Wyant*
Clerk of Superior Court

By:*SCALANDRA*
Deputy Clerk



FILED
Valerie Wyant
CLERK, SUPERIOR COURT
10/02/2018 10:17PM
BY: SCALANDRA
DEPUTY

Case No.: S0300CV201800508
HON. HONORABLE CATHLEEN BROWN NICHOLS

Person/Attorney Filing: Michael N Poli
Mailing Address: 2999 North 44th Street Suite 520
City, State, Zip Code: Phoenix, AZ 85018
Phone Number: (480) 315-9980
E-Mail Address: llieber@merlinlawgroup.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 006431, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF COCONINO

SK5-ELA, LLC
Plaintiff(s),
v.
Nationwide Insurance Company of America, et al.
Defendant(s).

Case No.

**CERTIFICATE OF COMPULSORY ARBITRATION**

I certify that I am aware of the dollar limits and any other limitations set forth by the Local Rules of Practice for the Coconino County Superior Court, and I further certify that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 77 of the Arizona Rules of Civil Procedure.

**RESPECTFULLY SUBMITTED this**

By: Michael N Poli /s/
**Plaintiff/Attorney for Plaintiff**

FILED
Valerie Wyant
CLERK, SUPERIOR COURT
10/02/2018 10:17PM
BY: SCALANDRA
DEPUTY

Case No.: S0300CV201800508
HON. HONORABLE CATHLEEN BROWN NICHOLS

**MERLIN LAW GROUP, P.A.**
Michael N. Poli, #006431
MPoli@merlinlawgroup.com
Michael J. Ponzo, #028092
MPonzo@merlinlawgroup.com
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
Telephone: (480) 315-9980
Facsimile: (480) 315-9984
*Attorneys for Plaintiff*

## SUPERIOR COURT OF ARIZONA

## COUNTY OF COCONINO

| | |
|---|---|
| SK5-ELA, LLC, a Utah limited liability company, <br><br> Plaintiff, <br><br> vs. <br><br> NATIONWIDE INSURANCE COMPANY OF AMERICA, an Ohio corporation; and DEPOSITORS INSURANCE COMPANY, an Iowa corporation, <br><br> Defendants | Case No.: <br><br> **DEMAND FOR JURY TRIAL** |

Pursuant to the provisions of Arizona Rule of Civil Procedure 38(b), Plaintiff SK5-ELA, LLC hereby requests a trial by jury of all issues triable of right by a jury in the above-captioned action.

DATED this 2nd day of October, 2018.

MERLIN LAW GROUP, P.A.

By  /s/ *Michael N. Poli*
Michael N. Poli
Michael J. Ponzo
2999 North 44th Street, Suite 520
Phoenix, Arizona 85018
*Attorneys for Plaintiff*

T2035499.DOCX;1